IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHRISTOPHER TERRY,
Petitioner,

v. Civil No. 3:25cv945 (DJN)

STEPHANIE MEDLIN,[1]
Respondent.

**MEMORANDUM OPINION**

Christopher Terry ("Petitioner"), a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (ECF No. 3 ("§ 2254 Petition")). The Circuit Court of Henrico County, Virginia ("Circuit Court") found that Petitioner violated the conditions of his probation, revoked his suspended sentence and resentenced him with all but 14 days of his remaining sentence suspended. (*Id.* at 6–7.)[2] Petitioner asserts his entitlement to relief on the following grounds:

Claim One: "I was not granted bond initially even though I made that aware to my appointed counsel before my trial on May 25th, 2023. Also again on March 27th, 2024 for additional probation violation charge(s)." (*Id.* at 5.)

Claim Two: "Based on [Va. Code Ann.] § 19.2-244 I had motioned to no avail dismissal of said charges due to the question of jurisdiction and appropriate venue." (*Id.* at 15.)

---

[1] Stephanie Medlin, Chief of Probation and Parole – District 32, asserts that she is the proper respondent in this action. (ECF No. 12 at 1 n.1.) The Court DIRECTS the Clerk to update Respondent's name on the docket as reflected above.

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

Respondent filed a Rule 5 answer and moved to dismiss with a supporting brief and exhibits. (ECF Nos. 12–14.) Petitioner responded. (ECF No. 16.) For the reasons explained below, the Court will GRANT the Motion to Dismiss (ECF No. 12).

## I. PROCEDURAL HISTORY

Following a May 2023 bench trial, the Circuit Court convicted Petitioner of two counts of possession of a Schedule I or II controlled substance. (ECF No. 14-1 at 1–2.) The Circuit Court sentenced him to a term of six years, with five years and eight months suspended on the first count, and a term of six years, with all time suspended on the second count. (*Id.* at 2–3.) Petitioner was released in September 2023. (ECF No. 3 at 7.) A probation officer later filed a major violation report alleging that Petitioner had violated the conditions of his probation. (*Id.*) Petitioner was arrested on January 8, 2024. (*See* ECF No. 14-5 at 4, 6.)

During a March 27, 2024 probation revocation hearing, the parties agreed that the allegations in the major violation report constituted a first technical violation of Petitioner's probation conditions. (ECF No. 3 at 7; ECF No. 14-3 at 1.) The Circuit Court opined that it "could only give [Terry] up to fourteen days on this." (ECF No. 3 at 7 (internal quotation marks omitted)). The Circuit Court found Petitioner guilty of violating his probation conditions and revoked his suspended sentence. (ECF No. 14-3 at 1–2.) The Circuit Court then resentenced Petitioner to five years and eight months, with five years, seven months, and sixteen days suspended on the first count, and six years, with all time suspended, on the second count, resulting in an active term of fourteen days' incarceration. (*Id.*) The Circuit Court credited Petitioner with time served, and — seventy-nine days after his arrest — Petitioner was released at the conclusion of the hearing. (ECF No. 14-3 at 2; ECF No. 14-5 at 7; ECF No. 14-6 at 8.)

On appeal, the Court of Appeals of Virginia ("Court of Appeals") noted that the Circuit Court "improperly sentenced" Petitioner, because Va. Code Ann. § 19.2-306.1 prohibited the Circuit Court from imposing a term of active incarceration after a first technical violation of probation.[3] (ECF No. 3 at 9.) But the Court of Appeals ultimately held that the issue was procedurally barred, because Petitioner failed to object at the revocation hearing. (*Id.* at 9–11.) The Court of Appeals also ruled that Petitioner's challenge to the denial of bond before the revocation hearing was moot. (*Id.* at 11–12.) Accordingly, on February 20, 2025, it affirmed the judgment in part and dismissed it in part. (*Id.* at 12.) Petitioner sought review by the Supreme Court of Virginia, which dismissed his appeal on November 13, 2025. (ECF No. 14-9 at 1.) Thereafter, Petitioner filed his § 2254 Petition in this Court.

Respondent moves to dismiss, asserting that Petitioner's claims "are not cognizable because they do not implicate federal law." (ECF No. 14 at 4–6.) Petitioner responds by invoking the Eighth Amendment's prohibition on excessive bail, seemingly to support his argument in Claim One that he was denied bond. (ECF No. 16 at 7.) He also recites the Fourteenth Amendment without further explanation. (*Id.*)[4]

---

3 The statute provides in relevant part that a "court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation." Va. Code Ann. § 19.2-306.1(C) (West 2026).

4 Petitioner's response also includes new allegations. For example, he alleges that his original conviction resulted from "the lack of appropriate counsel" (ECF No. 16 ¶ 1), that his appeals "were dismissed . . . due to the lack of appropriate counsel" (*Id.* ¶ 2), that he was "[a]gain . . . misrepresented by separate counsel" (*Id.* ¶ 3) and that he "was misrepresented twice by separate appointed counsel" (*Id.* ¶ 7). To the extent these allegations allude to ineffective assistance of counsel in violation of the Sixth Amendment, Petitioner did not expressly present such a claim in his § 2254 Petition. New claims or allegations brought for the first time in a response are not properly before the Court. "[I]t is axiomatic that [a petition] may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a [petition] at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992,

## II. LEGAL STANDARD

To obtain federal habeas relief, a state prisoner must, at a minimum, demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law").

## III. ANALYSIS

In this case, Respondent moves to dismiss, because Petitioner's claims "do not implicate federal law." (ECF No. 14 at 4.) In Claim One, Petitioner asserts that the Circuit Court did not grant him bond. "The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). Petitioner thus has no absolute right to bail. *Id.* Moreover, Petitioner has not explained how the Circuit Court's denial of bond violated his federal rights. In Claim Two, Petitioner asserts that the Circuit Court lacked jurisdiction and venue. Challenges to a state court's jurisdiction and venue implicate only state law and are not cognizable on federal habeas review. *Simpson v. Dir., Dep't of Corrs.*,

---

995 (8th Cir. 1989) (internal citations and quotation marks omitted).

Although Petitioner alleged that he "was not granted bond initially even though [he] made that aware to my appointed counsel" as an aside in Claim One of his § 2254 Petition (ECF No. 3, at 5), Claim One clearly challenges the denial of bond, not counsel's effectiveness. Nevertheless, to the extent this oblique reference could be construed as arguing ineffective assistance, it is insufficient to state such a claim. Petitioner did not even mention the Sixth Amendment in either his § 2254 Petition or his response to the Motion to Dismiss. Moreover, to state a claim of ineffective assistance of counsel, a convicted defendant must allege that counsel's deficient representation and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner has not adequately alleged either, and vague and conclusory allegations of wrongdoing may be disposed of without further investigation by the reviewing court. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

No. 3:20cv298, 2021 WL 136413 at *5 (E.D. Va. Jan. 13, 2021) (holding that alleged defects in state court's subject matter jurisdiction "provide no basis for federal habeas corpus relief"); *Hargrave v. Landon*, 584 F. Supp. 302, 305 n.1 (E.D. Va.), *aff'd*, 751 F.2d 379 (4th Cir. 1984) (holding that alleged error in state court's consideration of motion to change venue "raises an issue of State law, not cognizable on federal habeas corpus"). Consequently, neither Claim One nor Claim Two of Petitioner § 2254 Petition are cognizable.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Respondent's Motion to Dismiss (ECF Nos. 12), DENY the § 2254 Petition (ECF No. 3) and DISMISS the action.

Let the Clerk file a copy of this Memorandum Order electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 6, 2026